AO 91 (Rev. 11/11)  Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Nhan Ho | Telephone: | (313) 226-9103 |
| Task Force Officer: | Jaclyn Kocis-Maniaci, ATF | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America

v.

Robert Solomon KOYTON

Case: 2:26−mj−30010
Assigned To : Unassigned
Assign. Date : 1/8/2026
Description: CMP USA v Koyton (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 6, 2026  in the county of  Wayne  in the  Eastern  District of  Michigan , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Jacklyn Kocis-Maniaci, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:  January 8, 2026

_____
*Judge's signature*

City and state:  Detroit, MI

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Task Force Officer Jaclyn Kocis-Maniaci, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I am a police officer with the City of Detroit. I have been with the Detroit Police Department since 2003. I became a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in January of 2017. During my career, I have been involved in numerous investigations involving firearms and narcotics cases resulting in successful federal and state prosecutions.

2. I make this affidavit from personal knowledge based on my participation in this investigation. The information comes from witnesses interviewed by law enforcement, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

3. This affidavit is for the limited purpose of establishing probable cause that Robert Solomon KOYTON (DOB xx/xx/1988) has violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and does not contain all details or facts known to law enforcement related to this investigation.

## Probable Cause

### A. Offense Conduct

4. On January 6, 2025, Detroit police were investigating a homicide near E. Seven Mile Road and Gable Street. Officers established a perimeter with yellow crime-scene tape and blocked traffic with marked patrol vehicles displaying activated overhead lights.

5. While the investigation was ongoing, officers observed a light-colored Cadillac drive past a marked patrol car with its headlights activated, enter the secured perimeter, mount the curb in front of a restaurant, and continue forward until stopping at the crime-scene tape.

6. The Cadillac had three occupants: KOYTON as the driver, a front-seat passenger, and a rear passenger seated behind the front passenger.

7. Officers ordered KOYTON out of the vehicle and placed him in handcuffs when he failed to produce a driver's license and falsely claimed he had already provided identification to another officer. As officers opened the driver's door, they observed an empty Springfield Armory magazine resting on the door's arm panel near the window controls, along with suspected packaged marijuana being improperly transported in a container on the driver-side floorboard.

8. Based on these observations, officers conducted a probable-cause search of the vehicle and recovered a loaded black Springfield Armory XDS .45-

3

caliber pistol inside a leather holster, partially protruding from beneath the driver's seat where KOYTON had been seated. When asked to identify himself, KOYTON provided "Solomon" as his last name, even after follow-up clarification. Officers ultimately confirmed KOYTON's true last name only after running his address.

**B. KOYTON's Criminal History**

9.  Law-enforcement databases, court registers of action, and public Arizona Department of Corrections records reflect that KOYTON pleaded guilty in Maricopa County Superior Court to attempted aggravated domestic violence in 2016 and aggravated domestic violence in 2017, both felony offenses. He received probation, which was revoked in July 2018, and he then served a prison term until August 2019.

10. Arizona Rules of Criminal Procedure requires the court, before accepting a guilty plea, to advise the defendant of the nature of the charge, the possible sentencing range, and the collateral consequences to the defendant's civil rights, including the loss of firearm rights. Accordingly, there is probable cause to believe that KOYTON was advised at the time of his plea hearings—and therefore knew—that he had been convicted of felony offenses punishable by more than one year of imprisonment and was prohibited from possessing firearms.

11. KOYTON also has additional misdemeanor convictions from Arizona courts, including: two disorderly conduct–fighting offenses in 2013 designated

4

with a domestic-violence victim code, a 2016 driving-under-the-influence conviction, a 2016 marijuana offense for which probation was ultimately revoked and KOYTON was sentenced to jail time, and a 2019 conviction for driving with a suspended, revoked, or cancelled license.

12. More recently, in August 2022, KOYTON pleaded guilty in Michigan's 37th District Court to a reduced misdemeanor domestic-violence charge. He was initially sentenced to 12 months' probation, which has since been extended to the present, and court records reflect multiple probation-violation hearings being scheduled. Just two months into that probationary term (October 2022), he was charged with domestic violence—third (domestic violence with a prior conviction), though that case was later dismissed without prejudice.

13. In June 2024, KOYTON was charged with domestic violence in Michigan's 36th District Court, but the case was dismissed in August 2024 when the complaining witness failed to appear.

14. In February 2025, KOYTON was charged in Michigan's 36th District Court with assault with intent to do great bodily harm less than murder, felonious assault, felony-firearm, and domestic violence (second offense). The case was dismissed when the victim failed to appear.

### C. Interstate Nexus of the Firearm

15. After being provided with both a verbal and visual description of the recovered Springfield Armory XDS .45-caliber pistol, an ATF Interstate Nexus Expert opined that the firearm was manufactured outside the State of Michigan and therefore had traveled in, and affected, interstate or foreign commerce.

### Conclusion

16. Probable cause exists that Robert Solomon KOYTON, a convicted felon aware of his felony convictions, did knowingly possess a firearm and ammunition that had previously traveled in interstate and/or foreign commerce, in violation of 18 U.S.C. § 922(g)(1). Said violation occurring on or about January 6, 2026, in the city of Detroit, in the County of Wayne, in the Eastern Judicial District of Michigan.

_____
Jaclyn Kocis-Maniaci, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
HON. ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Date:   January 8, 2026